UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SANDRA L. BENFORD and )
JANET D. BENFORD, )
 )
    *Plaintiffs,* )
v. ) No. 1:04-cv-337
 ) *Edgar*
BILLY JOE SMITH, )
 )
    *Defendant.* )

**MEMORANDUM**

Plaintiffs Sandra L. Benford and her daughter Janet D. Benford (collectively the "Benfords") filed this action pro se against Billy Joe Smith ("Smith") alleging violations of 42 U.S.C. §§ 1983, 1984, 1985, and 1986. [Doc. No. 1]. Smith moves to dismiss pursuant to FED. R. CIV. P. 12(b)(6). [Doc. No. 11]. The Benfords moved for an extension of time to respond to Smith's motion in an effort to find counsel. [Doc. No. 14]. The Benfords' motion was granted and their response was due May 24, 2005, with or without an attorney. [Doc. No. 17]. The Benfords failed to respond, but Smith's motion is now ripe for review as the date for a response has passed.

When a party moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted and matters outside of the pleadings are presented to the court for consideration, the court must either exclude the material or treat the motion as one for summary judgment. FED. R. CIV. P. 12(b)(6). In the instant case, Smith supported his motion with an affidavit. [*See* Doc. No. 13]. However, the Court will exclude this material and not consider it in resolving the pending motion. Accordingly, the Court will treat the motion as one to dismiss

-1-

pursuant to FED. R. CIV. P. 12(b)(6).

## I. Standard of Review

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. The purpose of Rule 12(b)(6) is to permit a defendant to test whether, as a matter of law, the plaintiff is entitled to relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993); *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir. 1987). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint which would entitle the plaintiff to relief. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).

The Court is required to construe the complaint in the light most favorable to the plaintiff and to accept as true all well-pleaded allegations of fact. *Scheur v. Rhodes*, 416 U.S. 232 (1974); *Conley*, 355 U.S. at 45-46; *Arrow*, 358 F.3d at 393; *Yuhasz*, 341 F.3d at 562; *Columbia Natural Res.*, 58 F.3d at 1109. When a factual allegation is capable of more than one reasonable inference, the Court must construe it in the plaintiff's favor. *Saglioccolo*, 112 F.3d at 228; *Columbia Natural Res.*, 58 F.3d at 1109. The Court may not grant a Rule 12(b)(6) motion to dismiss simply because the Court does not believe the allegations of fact in the complaint. *Saglioccolo*, 112 F.3d at 228-29; *Columbia Natural Res.*, 58 F.3d at 1109. The Court does not, however, have to accept as true mere legal conclusions and unwarranted inferences of fact. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th

Cir. 1998); *Columbia Natural Res.*, 58 F.3d at 1109.

Courts are to construe pro se complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Huey v. Stine*, 230 F.3d 226, 229 (6th Cir. 2000); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000). Nevertheless, the complaint must still satisfy the notice pleading requirements of FED. R. CIV. P. 8(a) and "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz*, 534 U.S. at 512 (quoting *Conley*, 355 U.S. at 47); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells*, 891 F.2d at 594.

## II. Facts

Accepting as true all well-pleaded factual allegations in the complaint, the following are the salient facts. The Benfords were tenants of an apartment privately owned and operated by Smith. The Department of Housing and Urban Development paid part of the Benfords' rent under its "Section 8" housing program.

According to the complaint Smith would enter the Benfords' apartment at various times of the day and night without the Benfords' permission. When in the Benfords' apartment Smith allegedly discussed the sexual acts that he would perform on the Benfords. Each time Smith entered the apartment, the Benfords would demand that he leave. Eventually, Smith attempted to rape Janet and successfully raped Sandra. Smith threatened that if they told anyone he would ensure that the Benfords could never again obtain Section 8 housing.

**III.     Analysis**

Smith moves to dismiss the Benfords' complaint for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6).  In this regard, Smith contends that the Benfords' complaint fails to allege facts which, if proven, would support Smith's liability under 42 U.S.C. §§ 1983, 1984, 1985, or 1986.  The Court agrees.

To establish a claim under 42 U.S.C. § 1983 a plaintiff must show that (1) a person acting under color of state law (2) deprived the plaintiff of rights secured by the United States Constitution or laws of the United States.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970); *Gray v. City of Detroit*, 399 F.3d 612, 615 (6th Cir. 2005).  "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct."  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

However, private persons may, by their actions, act under color of state law and become "state actors" for § 1983 purposes.  "[A] private party can fairly be said to be a state actor if (1) the deprivation complained of was 'caused by the exercise of some right or privilege created by the State' and (2) the offending party 'acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.'"  *Tahfs*, 316 F.3d at 590-91 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

The Sixth Circuit recognizes three tests for determining whether a private party has acted under color of state law: (1) the public function test; (2) the state compulsion test; and (3) the symbiotic relationship or nexus test.  *See Tahfs*, 316 F.3d at 591; *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir.2000); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir.1992).  The "public

-4-

Case 1:04-cv-00337   Document 18   Filed 06/03/05   Page 4 of 7   PageID #: 11

function test requires that the private entity exercise powers which are traditionally exclusively reserved to the state, such as holding elections." *Wolotsky*, 960 F.2d at 1335; *accord Tahfs*, 316 F.3d at 591. "The state compulsion test requires proof that the state significantly encouraged or coerced the private actor, either overtly or covertly, to take a particular action so that the choice is actually that of the state." *Tahfs*, 316 F.3d at 591; *accord Wolotsky*, 960 F.2d at 1335. Under the symbiotic relationship test, "the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky*, 960 F.2d at 1335; *accord Tahfs*, 316 F.3d at 591.

In the instant case the Benfords fail to satisfy the requirement that the allegedly unconstitutional acts were committed by a person acting under color of state law. In their complaint the Benfords allege that Smith is the owner and landlord of the property that the Benfords rent. [*See* Doc. No. 1 at ¶ 4]. As such, Smith is a private party, not a state actor. Accordingly, to survive a 12(b)(6) motion, the Benfords must allege facts showing that Smith acted under color of state law. However, the Benfords allege no such facts. In particular, the Benfords allege no facts showing that Smith, as the landlord, was exercising powers traditionally reserved to the state; or that the state significantly encouraged or coerced Smith to take the allegedly unconstitutional action; or that there is a sufficiently close nexus between the state and Smith to deem Smith a state actor.

The Benfords do allege that while renting the apartment from Smith, they received assistance through the Department of Housing and Urban Development's "Section 8" housing program. Specifically, the program paid a portion of the Benford's rent. As a result, Smith received a portion of the Benfords' rent from the local housing authority. However, participation in the Section 8

housing program is insufficient to transform a private party into a state actor. *Morris v. Dehaan*, No. 90-2190, 1991 WL 177995, at *4 (6th Cir. Sept. 12, 1991) (citing *Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239 (5th Cir. 1982)). Consequently, the Benfords fail to allege sufficient facts which, if proven, would establish that Smith was acting under color of state law. The Benfords cannot maintain a § 1983 claim.

Section 1985 prohibits a conspiracy to interfere with civil rights. To maintain a claim under § 1985 a plaintiff must establish a conspiracy between two or more people. 42 U.S.C. § 1985; *see also Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005). Here, the Benfords only allege that Smith violated their constitutional rights. In other words, the Benfords do not allege any conspiracy; nor do they identify a second individual with whom Smith could have conspired. Consequently, the Benfords cannot maintain a claim under 42 U.S.C. § 1985.

"Section 1986 establishes a cause of action against anyone, who has knowledge of a conspiracy under § 1985, and 'having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do.'" *Radvansky*, 395 F.3d at 314 (quoting 42 U.S.C. § 1986). If a "'plaintiff has stated no cause of action under § 1985, no cause of action exists under § 1986.'" *Id.* at 315 (quoting *Braley v. City of Pontiac*, 906 F.2d 220, 227 (6th Cir.1990)). As previously discussed, the Benfords fail to state a cause of action under § 1985. Accordingly, the Benfords cannot maintain an action under § 1986.

Finally, the Benfords also allege a violation of 42 U.S.C. § 1984. [*See* Doc. No. 1 at ¶ 1]. However, Sections one and two of 42 U.S.C. § 1984 were declared unconstitutional in *In re Civil Rights Cases*, 109 U.S. 3, 26 (1883). The remaining sections of § 1984 were repealed on June 25, 1948. Therefore, the Benfords cannot maintain an action pursuant to 42 U.S.C. § 1984.

The Court finds that the Benfords can prove no set of facts in support of the complaint which would entitle them to relief. Accordingly, Smith's motion to dismiss the Benfords' complaint pursuant to FED. R. CIV. P. 12(b)(6) [Doc. No. 11] will be **GRANTED**.

A separate judgment order will enter.

>                    */s/ R. Allan Edgar*
>                    R. ALLAN EDGAR
>            CHIEF UNITED STATES DISTRICT JUDGE